The STATE of Ohio, Appellant,

v.

WILLIAMS, Appellee.

[Cite as *State v. Williams* (1993), 85 Ohio App.3d 542.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920200.

Decided March 31, 1993.

*Mary Fay Dupuis,* City Solicitor, *Terrence R. Cosgrove* and *Charles A. Rubenstein,* for appellant.

*Jennifer Ann Williams, pro se.*

GORMAN, Judge.

The state appeals from the trial court's order which suspended the driver's license of the defendant-appellee, Jennifer Ann Williams, but granted her occupational driving privileges in violation of that part of the Financial Responsibility Act codified in R.C. 4509.101(A)(2). Williams initially entered a no-contest plea to a charge of operating a motor vehicle with a breath-alcohol concentration in excess of the level prohibited by R.C. 4511.19(A). The trial judge found that she was not in compliance with the Financial Responsibility Act at the time of the offense and thereupon imposed the ninety-day suspension of driving privileges mandated by statute but, over the objection of the prosecutor, granted her

occupational driving privileges. The state's appeal assigns as error the granting of occupational privileges contrary to the clear language of R.C. 4509.101(A)(2).

■ Although Williams did not enter an appearance in this appeal, during the *ex parte* argument, we *sua sponte* questioned the City Prosecutor's authority to pursue an appeal by right under R.C. 2945.67, as opposed to an appeal by leave of court. For the reasons which follow, we hold that the state did not possess a right of appeal under R.C. 2945.67, and therefore we dismiss this appeal.

■ The state or a municipality did not originally enjoy a right of appeal from an order or judgment in a criminal case. To balance this disparity between the rights of the accused and the accuser, the General Assembly enacted R.C. 2945.67. *State v. Davidson* (1985), 17 Ohio St.3d 132, 17 OBR 277, 477 N.E.2d 1141. Because Section 3(B)(2), Article IV of the Ohio Constitution provides courts of appeal with only such jurisdiction as is "provided by law," the prosecutor may appeal in a criminal case only where there is express statutory authority. *State ex rel. Leis v. Kraft* (1984), 10 Ohio St.3d 34, 10 OBR 237, 460 N.E.2d 1372. That authority is set forth in R.C. 2945.67, which provides in pertinent part:

"(A) A prosecuting attorney * * * may appeal as a matter or [of] right any decision of a trial court in a criminal case * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case * * *."

In his written response, following notice of our intention to consider this issue and the opportunity to brief it, the prosecutor contends that, notwithstanding the criminal nature of the proceedings below, the state's appeal addresses only that part of the trial court's order concerning the Financial Responsibility Act, a civil statute imposing civil penalties. Thus, the prosecutor argues, the restrictions contained in R.C. 2945.67(A) are not applicable.

The state's argument invokes two inquiries: (1) is the suspension of driving privileges for failure to maintain proof of financial responsibility covering the operation of a motor vehicle at the time of the offense under the Financial Responsibility Act a criminal penalty, and (2) is the appeal in this case an appeal from a "decision of a trial court in a criminal case" as contemplated by R.C. 2945.67? If the answer is *yes* to either, then the prosecutor's argument must fail.

■ Drawing upon the rule in *United States v. One Assortment of 89 Firearms* (1984), 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361, the Ohio Supreme Court has adopted a two-tiered analysis for determining whether a penalty is civil or criminal in nature. *State v. Casalicchio* (1991), 58 Ohio St.3d 178, 569 N.E.2d

916. The first tier examines whether the legislative authority either expressly or impliedly indicated that the statutory penalty was civil or criminal. If the legislature intended a civil penalty, the second tier of the analysis inquires whether this intent is negated by the "clearest proof" of the punitive nature of the statute. Applying this analysis in *Casalicchio* to the statutes imposing forfeiture of contraband (R.C. 2933.42[B] and 2933.43), the Ohio Supreme Court, in finding the statutes criminal in nature, found persuasive the fact that forfeiture occurred after a criminal conviction and was, ultimately, additional punishment for the underlying offense.

In the application of the *Casalicchio* analysis to the Financial Responsibility Act, it is clear, under the first tier, that the legislature expressly designated the penalties as civil. See, *e.g.*, R.C. 4509.101(A)(2). Employing the second tier, we find no clear proof which would negate the legislative intent. Concededly, under R.C. 4509.101(B)(1) the suspension of driving privileges is conditioned upon a plea or finding of guilt to the underlying traffic offense, just as the forfeiture statutes are conditioned upon a conviction for the underlying offense. However, the reason for the suspension of driving privileges is not additional punishment for the underlying traffic offense but, rather, is a penalty directed toward the separate act of operating a motor vehicle while failing to maintain proof of financial responsibility. Therefore, we accept that the penalties imposed by the Financial Responsibility Act are essentially civil in nature.

The second inquiry, as we have noted, is separate and distinct from the issue of whether the penalties imposed by the Financial Responsibility Act are civil or criminal in nature. Rather, the second inquiry tests the method that the prosecutor chose to bring this appeal. That issue, simply put, is whether this appeal is an appeal from a "decision of the trial court in a criminal case" for the purposes of triggering the application of R.C. 2945.67.

The Financial Responsibility Act describes the proceedings taken under it as "special, summary statutory proceedings." R.C. 4509.101(B)(1)(d). In the case *sub judice*, application of the statute was triggered by R.C. 4509.101(B)(1), which imposes upon the trial court the duty, "as part of the sentencing procedure," to require proof of financial responsibility only after the "defendant" has entered a plea of guilty or is found guilty of an underlying traffic offense. Although there is a statutorily imposed duty of inquiry, the duty is triggered only by the culpability of the defendant in a criminal case. Had Williams in the case *sub judice* never been charged with a violation of R.C. 4509.101(A)(2), and had she not pleaded guilty or been found guilty of the offense, her suspension of driving privileges under the Financial Responsibility Act could not have been legally imposed.

Although the Financial Responsibility Act contains certain hybrid elements and is, in reality, a special statutory proceeding engrafted onto a criminal proceeding, we hold that, when application of the Act arises under R.C. 4509.101(B)(1), the nature of the proceeding is essentially criminal for the purpose of appeal. Therefore, any appeal taken by the state from the trial court's application of the statute is a criminal appeal controlled by the provisions of R.C. 2945.67.

Under R.C. 2945.67, it is clear that the instant action does not fall under any of the categories giving the state an appeal by right. Rather, the state's only course was to file a motion for leave to appeal to this court, which it did not do. Therefore, this appeal is dismissed.

*Appeal dismissed.*

SHANNON, P.J., and KLUSMEIER, J., concur.