The STATE of Ohio, Appellant,

v.

ROGERS, Appellee.

[Cite as *State v. Rogers* (1996), 110 Ohio App.3d 106.]

Court of Appeals of Ohio,
Fourth District, Gallia County.

No. 95 CA14.

Decided March 28, 1996.

*Douglas M. Cowles,* Gallipolis City Solicitor, for appellant.

*Richard Roderick,* for appellee.

KLINE, Judge.

This is an appeal by the state of Ohio from a judgment entered after a bench trial in the Gallipolis Municipal Court. The trial court found appellee not guilty of certain criminal offenses. The appellant assigns the following error for our review:

"The trial court committed prejudicial error when it found the defendant/appellee not guilty of DWI, improper transportation of a firearm and obstructing official business, which verdict was against the manifest weight of the evidence."

The following facts are pertinent to this appeal. Appellee was charged with speeding, DWI, improper transportation of a firearm and obstructing official business. Appellee's four charges were scheduled for a bench trial after appellee waived his right to a jury. Before trial, the judge dismissed the improper transportation of a firearm offense after finding that appellee was required to carry a firearm in his employment. After hearing all the evidence, the trial court found appellee guilty of speeding but not guilty of DWI and obstructing official business. This direct appeal followed.

We must first resolve a jurisdictional issue presented by this appeal. The state may appeal in a criminal case only when a statute gives express authority to do so. Section 3(B)(2), Article IV, Ohio Constitution. See *State ex rel. Leis v. Kraft* (1984), 10 Ohio St.3d 34, 35, 10 OBR 237, 237–238, 460 N.E.2d

1372, 1373–1374, citing *State v. Hughes* (1975), 41 Ohio St.2d 208, 210, 70 O.O.2d 395, 396–397, 324 N.E.2d 731, 733, *State v. Brenneman* (1973), 36 Ohio St.2d 45, 46, 65 O.O.2d 204, 204–205, 303 N.E.2d 873, 874, and *Mick v. State* (1905), 72 Ohio St. 388, 74 N.E. 284. See, also, *State v. Williams* (1993), 85 Ohio App.3d 542, 544, 620 N.E.2d 171, 172–173. The authority for the state to appeal is governed by R.C. 2945.67. See *State v. Davidson* (1985), 17 Ohio St.3d 132, 134, 17 OBR 277, 278–279, 477 N.E.2d 1141, 1143–1144; *Williams, supra.* R.C. 2945.67(A) provides as follows:

"A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter or [of] right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case."

The state argues that the not guilty verdicts were against the manifest weight of the evidence. In other words, the state purports to appeal the final verdicts as of right. However, a final verdict is not expressly enumerated in R.C. 2945.67 as a judgment that can be appealed by the state. Therefore, we conclude that the state is improperly appealing the final verdict of the court below.[1] Accordingly, this court is without jurisdiction to hear this appeal, and this appeal is dismissed.

*Appeal dismissed.*

HARSHA and STEPHENSON, JJ., concur.

---

1. We note that the state is mistaken in its assertion that appellee was found not guilty of the improper transportation of a firearm charge. Because the state did not assign the dismissal of this charge as an assignment of error, we need not address that issue. See App.R. 12(A)(1)(b) and 16(A).