OPINION
This is an appeal by the State of Ohio from a judgment issued by the Lake County Court of Common Pleas, Juvenile Division.
On April 8, 1997, the State filed a delinquency complaint alleging that appellee, William J. Tripplett,
 "did knowingly cause serious physical harm to Kevin Hizak. This act constitutes a violation of Section 2903.11 of the Ohio Revised Code, an aggravated Felony of the second degree if committed by an adult. Specifically, said juvenile along with another, repeatedly kicked and struck Kevin Hizak, resulting in injuries including but not limited to a broken cheek bone."
On October 29, 1997, appellee's case was tried before a juvenile court magistrate. The State preliminarily moved to amend the complaint to add the charge of complicity; appellee's counsel objected, arguing that he could not properly defend against a charge added at the opening of trial. Sustaining appellee's objection, the magistrate denied the State's motion to amend the complaint and refused to allow the State to proceed on a theory of complicity. Based on the evidence presented at trial, the magistrate adjudicated appellee delinquent of assault, a misdemeanor of the first degree if committed by an adult, in violation of R.C. 2903.13.
On April 17, 1998, the State filed the following objections to the magistrate's decision:
 "(1) The Magistrate erred in not allowing the State to proceed on a complicity theory despite the fact that the complaint alleged that William J. Tripplett committed the offense `along with another.'
 "(2) The Magistrate erred when she found William J. Tripplett true only of assault, when the evidence clearly showed that he, along with another juvenile, committed a felonious assault upon Kevin Hizak."
After hearing the State's objections, the trial court overruled them, adopted the magistrate's decision, and found that appellee committed assault, in violation of R.C. 2903.13. From this judgment, the State assigns the following errors:
 "[1.] The trial court erred to the prejudice of the State when it refused to allow the State to proceed on a theory of complicity.
 "[2.] The trial court's decision finding the juvenile-appellee true of assault rather than felonious assault was against the manifest weight of the evidence, contrary to law, and in direct conflict with the facts of the case."
We agreed to hear this appeal upon granting the State's motion for leave to appeal pursuant to R.C. 2945.67[1]; however, we failed to clarify that we accepted this appeal for the sole purpose of reviewing the substantive legal question of whether the State may proceed on a theory of complicity when complicity is not a charged offense.
By arguing that the juvenile court erred by refusing to allow the State to proceed on a theory of complicity and that the verdict was against the manifest weight of the evidence, the State purports to appeal the final verdict rendered against appellee, which it may not do. See State v. Rogers (1996), 110 Ohio App.3d 106, 673 N.E.2d 666; R.C. 2945.67. Principles of double jeopardy preclude the State from seeking a reversal of the juvenile court's verdict acquitting appellee of felonious assault. See State v.Bistricky (1990), 51 Ohio St.3d 157, 555 N.E.2d 644.
Although we cannot review the final verdict of the juvenile court, we granted the State's motion for leave to appeal in order to review a substantive law ruling made by the juvenile court. We have the authority to address legal questions in the absence of a case in controversy when we are presented with an underlying legal question that is capable of repetition yet evading review. Id. Because the standard for allowing the State to proceed on a theory of complicity is such a legal question, we will address appellant's first assignment of error. However, we must dismiss appellant's second assignment of error because we lack jurisdiction to review whether the juvenile court's verdict was against the manifest weight of the evidence. Rogers,110 Ohio App. 3d at 108; R.C. 2945.67.
In the instant case, the juvenile court refused to allow the State to proceed on a theory of complicity to commit felonious assault, reasoning that appellee did not have adequate notice of the charge of complicity because he was only charged with the substantive crime of felonious assault. The juvenile court erred by refusing to allow the state to proceed on a theory of complicity even though appellee was charged only with felonious assault.
The Revised Code of Ohio expressly permits that a defendant may be charged with a substantive crime as the principal offender and be convicted as an accomplice without amending the indictment. R.C. 2923.03 provides:
 "(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
 "(1) Solicit or procure another to commit the offense;
"(2) Aid or abet another in committing the offense;
 "(3) Conspire with another to commit the offense in violation of section 2923.01 of the Revised Code;
 "(4) Cause an innocent or irresponsible person to commit the offense.
"* * *
 "(F) Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender. A charge of complicity may be stated in terms of this section, or in terms of the principal offense." [Emphasis added].
In Hill v. Perini (C.A. 6, 1986) 788 F.2d 406, the Sixth Circuit Court of Appeals wrote:
 "[U]nder Ohio law, the State may charge and try an aider and abettor as a principal, and if the evidence at trial reasonably indicates that the defendant was an aider and abettor rather than a principal offender, a jury instruction regarding complicity may be given." Id. at 408.
Although appellee was tried without a jury, the same reasoning applies, and the State should have been allowed to proceed on a theory of complicity to commit felonious assault. The juvenile court erred by refusing to permit the State to proceed on the complicity theory; however, due to the double jeopardy bar, the juvenile court's erroneous ruling does not affect appellee. Appellant's first assignment of error has merit.
Pursuant to the foregoing analysis, this court takes notice of the erroneous ruling of the trial court with respect to the issue advanced under appellant's first assignment of error which, again, barred the State from proceeding on a complicity theory. Clearly, R.C. 2923.03 authorizes this procedure, and prevailing case law supports this view. See Hill, 788 F.2d at 408. The theory of complicity set forth in R.C. 2923.03 applies equally to juvenile offenders. See R.C. 2151.01.
Further, as previously discussed, we are without jurisdiction to address appellant's second assignment of error, and, thus, it is dismissed.
However, pursuant to the dictates of State v. Bistricky,supra, and in accordance with the principles of double jeopardy, the final judgment rendered by the trial court remains affirmed.
FORD, P.J., CHRISTLEY, J., concur.
[1] R.C. 2945.67 provides in pertinent part:
 "A prosecuting attorney * * * may appeal by leave of court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case."