OPINION
This is an appeal by the State from a judgment entered by the Montgomery County Area One District Court, finding Defendant, Robert Hensley, not guilty of a charge of operating a motor vehicle while under the influence of alcohol.
On April 26, 2001, at 10:45 p.m., Sgt. Wright of the Ohio Highway Patrol observed Defendant's vehicle traveling westbound on I-70 in a construction zone near S.R. 49. Defendant's vehicle was weaving badly within his lane of travel and it crossed over the marked line dividing the lanes of travel one time. Defendant's vehicle was also obstructing traffic due to its very slow speed, five to ten miles per hour. Sgt. Wright initiated a traffic stop, and approached Defendant's vehicle.
Sgt. Wright could smell an odor of alcohol emitting from Defendant's vehicle. Sgt. Wright asked Defendant to perform three field sobriety tests; the horizontal gaze nystagmus test, the walk and turn test, and the one leg stand test. Defendant failed all three tests, and was arrested for driving under the influence of alcohol. Once inside the patrol car, Sgt. Wright noticed a strong odor of alcohol whenever Defendant spoke. Defendant was transported to the Dayton Patrol Post where he refused to take a breath test., Defendant was charged by traffic citation with operating a motor vehicle while under the influence of alcohol, R.C. 4511.19(A)(1), and a marked lanes violation, R.C. 4511.33. On May 15, 2001, Defendant entered a no contest plea to both charges. After asking Defendant for an explanation of his conduct on the day in question, the trial court[1] stated: "This test of 0.000 tells me you weren't under the influence, so whatever may have been wrong with you, I guess you were exceptionally tired." The trial court found Defendant not guilty on the OMVI charge, but guilty of the marked lanes violation. The trial court assessed court costs against Defendant.
On May 22, 2001, the State filed its notice of appeal to this court from the decision and entry entered by the trial court on May 15, 2001.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IT FOUND THE DEFENDANT NOT GUILTY OF THE VIOLATION OF R.C. 4511.19(A)(1) IN THAT IT WAS AN ABUSE OF DISCRETION TO FIND HENSLEY NOT GUILTY ON A NO CONTEST PLEA WHEN THE COMPLAINT CONTAINED SUFFICIENT ALLEGATIONS TO STATE AN OFFENSE.
 R.C. 4511.19(A)(1) is a misdemeanor offense. A defendant's plea ofno contest to a misdemeanor offense "constitute(s) a stipulation that thejudge or magistrate may make [a] finding of guilty or not guilty from theexplanation of circumstances . . ." R.C.2937.07. Thatsection otherwise provides that the court must call for the explanationfrom "the affiant or complainant or his representatives," that is, fromthe arresting officer or the prosecutor.
 The trial court failed to call for the explanation of circumstancesthat R.C. 2937.01 requires. If the arresting officer was present, he wasnot called upon. The transcript of the proceeding does not reflect thata legal representative of the State was even present. That is possiblyexplained by the fact that the notice filed May 1, 2002, setting theproceeding at which Defendant entered his no contest plea, bears noinstruction to serve a copy on the prosecuting attorney or arrestingofficer.
 The court did call on the Defendant for an explanation of thecircumstances leading to his OMVI charge. The Defendant denied that he'dconsumed any alcohol at all. That prompted the court to examine the "BACDatamaster Evidence Ticket" in the file, which reflected no finding thatDefendant had any concentration of alcohol in his breath. On thatbasis, the court concluded that Defendant could not have been under theinfluence of alcohol and it acquitted him on the OMVI charge.
 The fact that the BAC Datamaster Evidence Ticket reflects no alcoholcontent in the Defendant's breath is easily explained; the printednotation on the BAC Datamaster Evidence Ticket states that the test was"Refused." The Defendant's refusal is further reported in the "TestReport Form" the arresting officer filed, as well as in his writtennarrative. The court apparently overlooked those reports. The courtclearly misread the "BAC Datamaster Evidence Ticket."
 We indulge in the presumption of regularity to conclude that the trialcourt's failure to understand the plain meaning of the materials in itsfile was an inadvertent failure. However, we cannot condone the court'sdecision to adjudicate the Defendant's guilt or innocence on his pleaabsent the presence and participation of the prosecuting attorney. Hadshe been present, the prosecutor would surely have made the court awarethat the Defendant refused the test, avoiding the court'smisunderstanding of that fact.
 The prosecutor states in her brief on appeal that "no contest pleas. . . are routinely accepted (by this trial court) without the prosecutorpresent." (Brief, p. 5). The practice, if it exists, is whollyimproper. It suggests a lack of the diligence and impartiality thatCanon 3 of the Code of Judicial Conduct requires of a judge. That sameCanon, at paragraph (D)(1), requires another judge who has knowledge ofits violation "to report the violation to a tribunal or other authorityempowered to investigate or act upon the violation." Further instancesof this kind will require us to discharge our reportingresponsibilities.
 The State asks us to reverse and vacate Defendant's acquittal becausethe trial court abused its discretion when it entered that judgment onthe record before it. We agree that it did. However, we must firstdetermine whether we have jurisdiction to review the State's appeal fromthat judgment.
 The State may appeal in a criminal case only when a statute gives itexpress authority to do so. Ohio Constitution, Article IV, Section3(B)(2); State ex rel Leis v. Kraft (1984), 10 Ohio St.3d 34; State v.Rogers (1996), 110 Ohio App.3d 106. That authority for the State toappeal is set out in R.C. 2945.67, which provides in relevant part:
 (A) A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter of right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case.
 A judgment of acquittal by the trial judge in a criminal case is afinal verdict within the meaning of R.C. 2945.67(A), which is notappealable by the State either as a matter of right, or by leave toappeal. State v. Keeton (1985), 18 Ohio St.3d 379; State ex rel.Yates v. Court of Appeals of Montgomery County (1987),32 Ohio St.3d 30. In cases resulting in a judgment of acquittal,however, the prosecution may nevertheless appeal, by leave of court,evidentiary rulings and rulings on issues of law, because those rulingsfall within the language of "any other decision, except the finalverdict," in R.C. 2945.67(A). State v. Arnett (1986),22 Ohio St.3d 186; State v. Bistricky (1990), 51 Ohio St.3d 157.However, because appeals from such rulings do not fall within one of thefour categories where the State is granted an appeal as of right by R.C.2945.67, in order to prosecute such appeals the State must obtain leaveof the appellate court, follow the procedures outlined in State v.Wallace (1975), 43 Ohio St.2d 1, and comply with App.R. 5.Bistricky, supra; State v. Perroni (June 26, 1998), Lake App. No.96-L-107, unreported; R.C. 2945.67(A).
 In this case the State is not appealing an evidentiary ruling or aruling on some issue of law. Rather, as the State concedes in itsappellate brief, it is appealing "the finding of not guilty on the drivingunder the influence charge." What the State seeks in this appeal is afinding by this court that the trial court abused its discretion infinding Defendant not guilty of OMVI, given Defendant's no contest pleato that charge and the evidence before the trial court at that time. Inother words, the State appeals from the judgment of acquittal in thiscase, not an evidentiary ruling by the court. That is clearly animpermissible appeal of the final verdict, expressly prohibited by R.C.2945.67(A). Keeton, supra; Yates, supra; State v. Rogers, supra.
Furthermore, in any event, in prosecuting this appeal the State failedto obtain leave of this court, failed to follow the procedures outlinedin State v. Wallace, supra and failed to comply with App.R.5.Bistricky, supra; Perroni, supra.
Accordingly, this court lacks jurisdiction to hear this appeal, and the appeal is dismissed.
FAIN, J. and YOUNG, J. concur.
[1] The record reflects that the Defendant, Robert M. Hensley, and thejudge, Hon. James A. Hensley, Sr., are unrelated and never met prior toDefendant's appearance before Judge Hensley.