OPINION
{¶ 1} Plaintiff-appellant the State of Ohio appeals the December 6, 2007 Judgment Entry of the Richland County Court of Common Pleas granting defendant-appellee Ronnie Alan Olmstead eight months jail time credit.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} On November 9, 2006, appellee was indicted on one count of illegal processing drug documents, a felony of the fourth degree. On April 26, 2007, he pled guilty as charged. On June 15, 2007, the trial court sentenced appellee to one year in prison, suspended, and two years of community control sanctions. As conditions of his community control, appellee was ordered to pay a monthly supervision fee of $20.00; seek and maintain full-time employment; complete a substance abuse evaluation and treatment program; submit to random drug/alcohol testing; stay out of high drug traffic areas in Mansfield; and successfully complete a community based correctional facility ("CBCF") or halfway house program.
 {¶ 3} On November 6, 2007, appellee's probation officer filed a community control violation against him for failing to comply with the conditions of his supervision. The charging document alleged the following violations: failure to seek employment as ordered by the court; testing positive for marijuana and Suboxine on June 13, 2007; admitting to taking Vicodin and testing positive for opiates on October 3, 2007 and October 16, 2007; admitting to using speed at least five days a week on November 2, 2007; failing to report for numerous weekly scheduled office visits with probation officer; failing to make payments toward supervision fees and court costs;, and being denied admission into both the LMCCC and CROSSWAEH CBCF programs. *Page 3 
 {¶ 4} At his community control violation hearing on December 5, 2007, appellee entered guilty pleas to all eight counts of the community control violation. The trial court accepted his admissions, and sentenced him to twelve months in prison. When the trial court inquired as to how much time appellee had served, he indicated that he "did eight months and 34 days here." (T. at 9). The prosecutor objected to the eight months credit arguing that the eight-month sentence was from a community control violation in Crawford County, and therefore was imposed for convictions and sentences unrelated to the present case. In response the trial court stated, "[a]ll right. But the reason I'm doing that is he came in here after having done eight months on a charge-out of Crawford County — yes, he did that eight months on that case, but he did that eight months because of this case." (T. at 10). The prosecutor noted, "I understand that." (Id.).
 {¶ 5} The court granted appellee credit for thirty-seven days that he served in the Richland County jail on this community control violation, as well as eight months that he served in prison for convictions from Crawford County.
 {¶ 6} The eight months at issue in this case arose from Crawford County case numbers 03-CR-0043 and 03-CR-0155. In case number 03-CR-0043, the appellee pled guilty to one count of forgery, and was originally placed on two years of diversion. His diversion was revoked on May 19, 2004, and he was placed on three years of probation. The appellee's probation was revoked on July 5, 2006.
 {¶ 7} In case number 03-CR-0155, appellee pled guilty to one count of felony theft. On May 19, 2004, he was sentenced to three years of community control. His community control was revoked on July 5, 2006. He was sentenced to eight months in *Page 4 
prison. The sentences in 03-CR-0043 and 03-CR-0155 ran concurrent for a total sentence of eight months. As a result, appellee was released from prison on or about December 29, 2006.
 {¶ 8} It is from the trial court's December 6, 2007 judgment entry granting appellee eight months and thirty-four days credit that the state appeals raising the following assignment of error:
 {¶ 9} "I. THE TRIAL COURT ERRED WHEN IT IMPROPERLY GRANTED THE DEFENDANT-APPELLEE JAIL TIME CREDIT FOR TIME SERVED IN ANOTHER JURISDICTION."
 I. {¶ 10} At the outset, we note that the state's authority to pursue an appeal from the decision of the trial court granting jail time credit, as well as the calculation of the number of days to be credited, is not by right under R.C. 2945.67, but rather may only be appealed by leave of court.
 {¶ 11} "The state or a municipality did not originally enjoy a right of appeal from an order or judgment in a criminal case. To balance this disparity between the rights of the accused and the accuser, the General Assembly enacted R.C. 2945.67. State v. Davidson (1985),17 Ohio St.3d 132, 17 OBR 277, 477 N.E.2d 1141. Because Section 3(B)(2), Article IV of the Ohio Constitution provides courts of appeal with only such jurisdiction as is `provided by law,' the prosecutor may appeal in a criminal case only where there is express statutory authority. State exrel. Leis v. Kraft (1984), 10 Ohio St.3d 34, 10 OBR 237,460 N.E.2d 1372." State v. Williams (1993), 85 Ohio App.3d 542, 544,620 N.E.2d 171. *Page 5 
 {¶ 12} "R.C. 2945.67(A) specifically governs appeals by the state in criminal and juvenile delinquency proceedings. It provides that the state may appeal as of right an order that (1) grants a motion todismiss all or any part of an indictment, complaint, or information, (2) grants a motion to suppress evidence, (3) grants a motion for the return of seized property, and (4) grants post conviction relief. It further provides that with the exception of final verdicts, the state may appeal any other decision in a criminal or juvenile delinquency proceeding by leave of the appellate court.
 {¶ 13} "This court has held that even when a trial court's order constitutes a final order pursuant to R.C. 2505.02 and 2505.03, the state may appeal from that order only by leave of the court of appeals unless it is one of the types of orders that R.C. 2945.67(A) permits the state to appeal as of right. State v. Matthews (1998),81 Ohio St.3d 375, 378, 691 N.E.2d 1041 (requiring the state to seek leave to appeal a trial court's order granting a new trial, even though such an order constitutes a final order pursuant to R.C. 2505.02(B)(3))." In reA.J.S. (Oct. 21, 2008), ___ Ohio St.3d ___, ___N.E.2d___, 2008-Ohio-5307
at ¶ 30. [Emphasis in original].
 {¶ 14} Under R.C. 2945.67, it is clear that the instant action does not fall under any of the categories giving the state an appeal by right. Accordingly, the state's only course was to file a motion for leave to appeal to this court, which it did on December 20, 2007. By Judgment Entry filed February 27, 2008, this Court granted the state's motion for leave to pursue an appeal.
 {¶ 15} In its sole assignment of error, the State maintains that appellee was not entitled to jail time credit for time he spent in prison on a 2006 probation violation for a case originating in Crawford County. We agree. *Page 6 
 {¶ 16} Although it is the adult parole authority's duty to reduce the term of incarceration by the number of days served prior to sentencing, it is the responsibility of the sentencing court to properly calculate the amount of days for which such credit may be extended. State ex rel.Corder v. Wilson (1991), 68 Ohio App.3d 567, 589 N.E.2d 113; State v.Barkus, 5th Dist. No. 2002 CA 0052, 2003-Ohio-1757 at ¶ 12.
 {¶ 17} R.C. 2967.191 requires that an offender's prison term be reduced "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced [.]"
 {¶ 18} R.C. 2949.12, which addresses the calculation of time, conveyance, and incarceration assignments of convicted felons exclusively, is also applicable here. This section states that the prisoner's sentencing order should also reflect, "* * * pursuant to section 2967.191 of the Revised Code * * * the total number of days, if any, that the felon was confined for any reason prior to conviction and sentence." R.C. 2949.12. (Emphasis added).
 {¶ 19} The Court of Appeals for Franklin County has recognized the difficulty in calculating jail-time credit when a defendant had both a probation violation and a new criminal charge, "[a]lthough the principle of crediting time served seems fairly simple on its face, in practice, it can be complicated when, inter alia, the defendant is charged with multiple crimes committed at different times, or when the defendant is incarcerated due to a probation violation. Generally speaking, days served following arrest on a probation violation can only be credited toward the sentence on the original charge i.e., the one for which he was sentenced to probation. In addition, a defendant is not entitled to jail-time credit for any period of incarceration arising from facts that are separate or *Page 7 
distinguishable from those on which the current (or previous) sentence was based. See, e.g., State v. Smith (1992), 71 Ohio App. 3d 302, 304;State v. Mitchell, Lucas App. No. L-05-1122, 2005-Ohio-6138, at ¶ 8. A sentence for any offense committed after the offense on which the defendant's probation is based is not entitled to jail-time credit. Id.;State ex rel. Gillen v. Ohio Adult Parole Auth. (1995),72 Ohio St. 3d 381; State v. Peck, Franklin App. No. 01AP-1379, 2002-Ohio-3889. This is an important distinction because a probation violation usually occurs when the defendant commits a new crime. For example, a first offender is convicted of petty theft pursuant to a shoplifting incident. If the court sentences that defendant to six months in jail, and suspends the sentence in lieu of a period of one years [sic] probation, the defendant will go free. During the months that follow, if that same defendant is arrested for OVI, he will likely not be permitted to be released on bail because the jail will place a probation hold on the prisoner. Irrespective of the OVI charge, which would ordinarily allow the defendant to post bail and be released, under these circumstances, the defendant would have to be taken before the trial judge who sentenced him on the theft charge. Whatever time the defendant spent in jail between his arrest and the probation violation hearing could only be credited towards the sentence for the theft conviction." State v.Chafin, Franklin App. No. 06AP-1108, 2007-Ohio-1840 at ¶ 9.
 {¶ 20} Appellant's arguments center exclusively upon matters not contained in the trial court record. It does not appear that appellant attempted to enter into the record before the trial court what appellant has attached to its brief as State's Exhibits C, D and E. These exhibits represent the judgment entries concerning appellee's Crawford County Court of Common Pleas Case Nos. 03CR0043 and 03CR0155. In State v. *Page 8 Hooks (2001), 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528, the Court noted: "[h]owever, a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. See, State v.Ishmail (1978), 54 Ohio St. 2d 402, 8 O.O.3d 405, 377 N.E.2d 500. Appellant's new material may not be considered. See, North v.Beightler, 112 Ohio St. 3d 122, 2006-Ohio-6515, 858 N.E. 2d 386, ¶ 7, quoting Dzina v. Celebrezze, 108 Ohio St.3d 385, 2006-Ohio-1195,843 N.E.2d 1202, ¶ 16. Without that information, the record does not contain any evidence to support the state's argument that the prison time served in the Crawford County case was unrelated to the present case.
 {¶ 21} Even if we were to consider appellant's exhibits, we would not vacate the trial court's decision.
 {¶ 22} In the case at bar, appellee's probation in the Crawford County cases was revoked July 5, 2006. On that date, the Crawford County Court of Common Pleas imposed an aggregate prison sentence of eight months. Accordingly, appellee would have completed that sentence on or about December 29, 2006.
 {¶ 23} By contrast, appellee was placed under community control sanctions by the Richland County Court of Common Pleas in the case at bar nearly one year after appellee was sentenced to prison under the Crawford County case. The Richland County Court of Common Pleas revoked appellee's community control sanctions and ordered appellant to prison on December 5, 2007, nearly one year after appellee completed his prison sentence for the probation violation in the Crawford County case.
 {¶ 24} Merely because the community control violation for the Crawford County offense may have been based upon his commission of the crime in Richland County *Page 9 
while on release, the time spent in prison as a sanction for the violation does not count as credit toward the current crime. The statute clearly provides for a credit only when the confinement arises "out of the offense for which the prisoner was convicted and sentenced." R.C. 2967.191.
 {¶ 25} This is not a case where appellee was sentenced to concurrent prison time. See, e.g. State v. Fugate, 117 Ohio St.3d 261,883 N.E.2d 440, 2008-Ohio-856. Rather, appellee had completed his prison sentence under the Crawford County case before he was even convicted on the underlying criminal charge in the Richland County case. Accordingly, the sentences could not be served simultaneously. State v. Fugate, supra at ¶ 22. Therefore, the trial court incorrectly granted appellee credit for the time served in the Crawford County case. That having been said, we recognize that the trial court's intent is evident from the record. That intent, i.e. to sentence appellee to a period of incarceration of twelve months less eight months and 34 days, was not an impermissible sentence. It is therefore of no consequence how many days credit were awarded because the court intended to sentence appellee to less than the one year sentence.
 {¶ 26} R.C. 2929.15(B), which details procedures for a trial court to follow when an offender has violated the conditions of community control, reiterates the three options available to the sentencing court mentioned in R.C. 2929.19(B). R.C. 2929.15(B) further provides that if a prison term is imposed upon an offender for violating a community control sanction, the prison term specified shall be within the range of prison terms available for the offense for which the sanction was imposed and "shall not exceed the prison term specified in the notice provided to the offender at the *Page 10 
sentencing hearing pursuant to division (B) (3) [sic], (B) (5) of section 2929.19 of the Revised Code." See, State v. Durant, Stark App. No. 2005CA00314, 2006-Ohio-4067 at ¶ 7.
 {¶ 27} In the case at bar, the Richland County Court of Common Pleas originally notified appellee that a violation of community controls would result in a one-year prison sentence. (Sentencing Entry, June 15, 2007). Therefore, the trial court had the option of imposing a prison term on appellee for his violations of the community control sanctions of a prison sentence ranging up to an including one year. State v.Jaworski, Ottawa App. No. OT-03-047-2004-Ohio-5242 at ¶ 11; State v.Brown, 136 Ohio App.3d 816, 822, 737 N.E.2d 1057, 1061, 2000-Ohio-1660.
 {¶ 28} The three-month prison sentence that the trial court intended to impose and in fact did impose albeit via a mistaken calculation of jail time credit is therefore within the range of prison terms available for the original offense. The trial court properly notified appellant of the specific prison term that could be imposed for violation of the community control sanctions and the three-month term of imprisonment given does not exceed the term for which he was given notice.
 {¶ 29} We emphasis that, in the case at bar, appellee has already completed the prison sentences imposed by both the Crawford County and the Richland County Courts of Common Pleas. We further stress that the trial court's sentence of less than one year was within the trial court's discretion without consideration of any jail-time credit.
 {¶ 30} Any error in the computation or granting of jail time credit was harmless error and would not be proper justification for remand because it was the court's *Page 11 
intention to sentence appellee to a period of incarceration of twelve months less eight months and 34 days. If it had done so, the state would not have any right to appeal that decision. There is no evidence in the record that the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor. Based on the transcript of the sentencing hearing and the subsequent judgment entry, this Court cannot find that the trial court acted unreasonably, arbitrarily, or unconscionably in its sentencing appellee.
 {¶ 31} Appellant's sole assignment of error is denied.
 {¶ 32} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
 Gwin, P.J., Wise, J., and Farmer, J., concur. *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs to appellant. *Page 1