[Cite as *Lancaster v. Sweetman Rental, L.L.C.*, 2013-Ohio-3492.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CITY OF LANCASTER | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 12-CA-128 |
| SWEETMAN RENTAL, LLC ET AL. | : | |
| Defendants-Appellees | : | |
| And | : | |
| ROGER WERTZ | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Fairfield County Court
                                  of Common Pleas, Case No. 2011 CV
                                  01223



JUDGMENT:                         AFFIRMED



DATE OF JUDGMENT ENTRY:           August 7, 2013



APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

SUZANA KRASNICKI                           ROGER WERTZ, pro se
KEITH D. WEINER & ASSOC. CO.               9909 Birchwood St.
75 Public Square, 4th Floor                Pickerington, OH 43147
Cleveland, OH 44113

*Delaney, J.*

{¶1} Appellant Roger Wertz appeals from the October 16, 2012 Order of the Fairfield County Court of Common Pleas granting appellee City of Lancaster's Motion for Summary Judgment.[1]

**FACTS AND PROCEDURAL HISTORY**

{¶2} Appellant Wertz is the president and chief operating officer of appellee Sweetman Rental, LLC ("Sweetman"). On December 5, 2011, appellee City of Lancaster ("Lancaster") filed a complaint in the trial court against appellant and Sweetman, alleging they failed to pay certain municipal net profit and withholding taxes as follows:

> [I]n Count I, against [Sweetman] for net profit taxes for the tax years of 2004 and 2005, in the principal amount of $1,569.73, plus penalties and prejudgment interest in the amount of $601.20, plus 30% statutory collection costs in the about of $651.28, for a total of $2,822.21, plus additional interest on the principal balance only at the statutory rate of 12% per annum from August 11, 2011; and in Count II against [Sweetman and appellant] for withholding taxes for the tax years of 2004 through 2010, in the principal amount of $32,322.83, plus penalties and prejudgment interest in the amount of $7,434.59, plus 30% statutory collection costs in the amount of $11,627.23, for a total of $51,684.65, plus additional interest on the principal balance only at the statutory rate of 36% per annum from

---

[1] Appellee Sweetman Rental, LLC is not a party to this appeal.

August 11, 2011 and costs, less credit for payments received post chargeoff.

{¶3} On March 13, 2012, the trial court entered default judgment against Sweetman. Sweetman and appellant remitted payments slightly in excess of $5,000 on their total obligation; as of June 21, 2012, appellee has credited Sweetman and appellant in the amount of $3,370.31; $2097.03 was applied to Sweetman's net profit tax obligations, and $1,273.28 was applied to the joint withholding tax obligations.

{¶4} On June 28, 2012, appellee filed a motion for summary judgment against appellant; appellant responded and appellee replied. The trial court sustained appellant's motion for summary judgment on October 16, 2012 and granted judgment, jointly and severally, in Count II only, in the principal amount of $32,322.83, plus penalties and prejudgment interest in the amount of $7,434.59, plus 30% statutory collection costs in the amount of $11,627.23 for a total of $51,684.65, plus additional interest on the principal balance only at the statutory rate of 36% per annum from August 11, 2011 and costs; less credit for payments received and applied to Count II's withholding taxes only, in the amount of $1,273.28.

{¶5} Appellant appeals from the judgment of the trial court granting appellee's motion for summary judgment.

{¶6} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶7} "I. TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT BECAUSE IT FAILED TO CONSIDER GENUINE ISSUES OF MATERIAL FACT RELATED TO THE MATTER BEFORE IT."

## ANALYSIS

### I.

{¶8} Appellant argues the trial court erred in granting appellee's motion for summary judgment because it should have taken into account issues of material fact in a "parallel and related legal action." We disagree.

{¶9} Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56, which was reaffirmed by the Ohio Supreme Court in *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):

> Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Parsons v. Fleming*, 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994), citing *Temple v. Wean United, Inc.* 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶10} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgment motions on the same

standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 56 N.E.2d 212 (1987).

{¶11} Appellant asks us to consider facts arising from a different Fairfield County case and appended exhibits to his brief related thereto. There is no indication, however, that those exhibits were submitted to the trial court in the instant case in response to appellee's motion for summary judgment, and we may not consider them on appeal. App.R. 9(A) defines the record on appeal as "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court * * *." Appellant's argument is based entirely upon matters not contained in the trial court record and may not be considered. *State v. Olmstead*, 5th Dist. Richland No. 2007-CA-119, 2008-Ohio-5884, ¶ 20; *Swinderman v. Weaver*, 5th Dist. Tuscarawas No. 2001 AP 04 0030, 2002-Ohio-89.

{¶12} Beyond the procedural irregularity, we also affirm this matter on substantive grounds. Appellant asks us to prevent appellee from collecting the tax liability from appellant personally until a determination has been made as to the sufficiency of the corporate assets but cites no legal basis for doing so. Instead, appellee directs us to City of Lancaster Code Section 181.07(b), which states as follows:

> Such employer in collecting said tax shall be deemed to hold the same, until payment is made by such employer to the City of Lancaster, Ohio as a Trustee for the benefit of the City of Lancaster, Ohio and any such tax collection by such employer from

his employees shall, until the same is paid to the City of Lancaster, Ohio be deemed a trust fund in the hand of such employer. Every employer or officer of a corporation is deemed to be a Trustee for the City of Lancaster in collecting and holding the tax required under this ordinance to be withheld. The officer or employee have control or supervision of, or charged with the responsibility of, filing the report and making payment is personally liable for failure to file the report or pay the tax due as required by this section. The dissolution of a corporation or other cessation of a business does not discharge an officer's or employee's liability for prior failure of the corporation to file returns or pay tax due.

{¶13} The cited ordinance essentially mirrors R.C. 5747.13 and Ohio Adm.Code 5703-7-15. Appellant has failed to raise any issue of material fact and appellee has thus successfully established it is entitled to judgment as a matter of law.

{¶14} We find no basis upon which to reverse the trial court's decision to grant summary judgment for appellee City of Lancaster.

**CONCLUSION**

{¶15} Appellant's sole assignment of error is overruled and the judgment of the

Fairfield County Court of Common Pleas is affirmed.

By: Delaney, J. and

Hoffman, P.J.

Baldwin, J., concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. CRAIG R. BALDWIN