[Cite as *State v. Thompson*, 2014-Ohio-586.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 13CA009 |
| | : | |
| RONDA THOMPSON | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Holmes County
                              Municipal Court Case No. 13CRB232



JUDGMENT:                     APPEAL DISMISSED




DATE OF JUDGMENT ENTRY:       February 10, 2014




APPEARANCES:

For Plaintiff-Appellant:                For Defendant-Appellee:

STEPHEN KNOWLING                        RONDA THOMPSON, pro se
HOLMES CO. PROSECUTOR                   641 N. Main St.
164 E. Jackson St.                      Shreve, OH 44676
Millersburg, OH 44654

*Delaney, J.*

{¶1}   Appellant state of Ohio appeals from the Judgment Entry entered on July 3, 2013 in the Holmes County Municipal Court finding appellee Ronda Thompson not guilty upon her plea of no contest to one count of disorderly conduct, a minor misdemeanor.  Appellee has not filed a brief or appeared in this appeal.

{¶2}   We first note this case is related to but not consolidated with *State of Ohio v. Ronda Thompson*, 5th Dist. Holmes No. 13CA007, in which we denied appellant state of Ohio's application for leave to appeal.   The instant case arises from the same underlying municipal court case, Holmes County Municipal Court case number 13 CRB 232, and is before us as a purported state's appeal of right pursuant to App.R. 3(A).

**FACTS AND PROCEDURAL HISTORY**

{¶3}   On June 20, 2013, a complaint was filed in the Holmes County Municipal Court charging appellee with one count of disorderly conduct by fighting, a violation of R.C. 2917.11(A)(1) and a minor misdemeanor.   The complainant is a deputy of the Holmes County Sheriff's Department.  The complaint simply states:

> The complaint (*sic*) being duly sworn states that on or about June 16, 2013, in Holmes County, Ohio, [appellee] whose last address was 641 N. Main Street, Shreve, OH 44676, did recklessly cause inconvenience, annoyance, [or] alarm to another by engaging in fighting, threatening harm to persons or property, or violent or turbulent behavior in violation of R.C. 2917.11(A)(1) a minor misdemeanor.  This is commonly known as disorderly conduct.

{¶4} The complaint does not contain a to-wit clause describing the underlying facts giving rise to the criminal charge.

{¶5} On July 3, 2013, appellee appeared before the trial court for arraignment without counsel. She was advised of the charge and potential penalty, and the trial court inquired what plea appellee wished to enter. Appellee thereupon entered a plea of no contest and stated she did not want to talk to an attorney before entering the plea. The following conversation occurred:

Judge: What plea are you entering?

[Appellee]: No Contest.

Judge: May I have a report please?

Prosecutor: Your Honor, is (*sic*) first name Rebecca? Ronda.

Judge: You are Ronda, right?

[Appellee]: Um hmm.

Judge: I've been known…

Prosecutor: Your Honor, we are going to have to get that report. Her report is with another co-defendant and they didn't put it in here today. If I could go get it, please, or have someone bring it over.

Judge: Ok. Have a seat; call. They can fax it over. Have a seat. The Prosecutor didn't bring your report.

*********************************************** (break in original)

Judge: Do you have the report on [appellee]?

Prosecutor: Your Honor, it appears that the co-defendants report has disappeared so I apologize. We looked. Her co-defendant is

Mr. Blaine Markley. It happen June 16. I can do a overall restitution of disorderly conduct but I don't; with the date and time; but I don't have the set of facts report. Lynn doesn't know where it is. I apologize. (*Sic* throughout.)

Judge: Ok. [Appellee], they don't have a report. Without a report I cannot issue a finding. Entering a finding of not guilty. You are discharged.

[Appellee]: Thank you.

[End of transcript.]

{¶6} On July 8, 2013, appellant filed two notices of appeal: one Notice of Appeal as of Right pursuant to App.R. 3(A) [filed under the instant case number], and one indicating appellant sought leave to appeal pursuant to App.R. 5(C) as described supra [filed as 5th Dist. Holmes No. 13CA007]. We denied appellant's motion for leave to appeal and dismissed case number 13CA007.

{¶7} Appellant now appeals from the trial court's decision finding appellee not guilty of one count of disorderly conduct by fighting.

{¶8} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶9} "I. THE TRIAL COURT ERRED IN ENTERING A NOT GUILTY FINDING WHEN THE STATE WAS UNABLE TO PRODUCE A SHERIFF'S DEPARTMENT REPORT WHEN DEFENDANT-APPELLEE ENTERED A NO CONTEST PLEA AT HER ARRAIGNMENT TO A MINOR MISDEMEANOR CHARGE."

**ANALYSIS**

{¶10} For the following reasons, we find this Court has no jurisdiction to consider this purported state's appeal of right.

{¶11} The state may appeal a criminal matter under limited circumstances and only when a statute grants express authority to do so. See *State v. Hensley*, 2nd Dist. Montgomery No. 18886, 2002–Ohio–1887, citing Ohio Constitution, Article IV, Section 3(B)(2); *State ex rel. Leis v. Kraft*, 10 Ohio St.3d 34, 460 N.E.2d 1372 (1984); *State v. Rogers*, 110 Ohio App.3d 106, 673 N.E.2d 666 (4th Dist.1996).

{¶12} The general authority for the state to appeal is found in R.C. 2945.67(A). The statute reads:

> A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter of right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case. In addition to any other right to appeal under this section or any other provision of law, a prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a

municipal corporation, or the attorney general may appeal, in accordance with section 2953.08 of the Revised Code, a sentence imposed upon a person who is convicted of or pleads guilty to a felony.

{¶13} Upon further analysis of the matters raised in the original motion for leave to appeal and the underlying record, this Court also is without jurisdiction to consider this matter as a state's appeal of right because the trial court reached a final verdict and made a finding of not guilty. See, *State v. Gump*, 8th Dist. Cuyahoga No. 85693, 2005-Ohio-5689. Justice Stratton suggested a procedure for the state to follow in similar circumstances: "The prosecution should have entered an objection and requested that the court reject the no-contest plea and allow the parties to proceed to trial if the defendant denied the very facts of the charge to which [s]he had just pled no contest." *Gump,* supra, 2005-Ohio-5689 at ¶ 20, citing *State v. Mayfield*, 102 Ohio St.3d 1240, 2004-Ohio-3440, 811 N.E.2d 81, ¶ 8, (Stratton, J., dissenting).

{¶14} This state's appeal is from a final verdict and not a substantive legal matter; we therefore find we have no jurisdiction.

**CONCLUSION**

{¶15} The appeal is dismissed.

By: Delaney, J. and

Gwin, P.J.

Hoffman, J., concur.