**John Boston HILL,
Petitioner-Appellant,**

v.

**E.P. PERINI, Respondent-Appellee.**

**No. 84-3595.**

United States Court of Appeals,
Sixth Circuit.

Argued March 6, 1986.

Decided April 21, 1986.

Rehearing Denied July 1, 1986.

John Boston Hill, Marion, Ohio, Miriam Hirsch Sheline argued, Cincinanti, Ohio, for petitioner-appellant.

Christine Manuelian argued, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee.

Before: JONES and NELSON, Circuit Judges; and EDWARDS, Senior Circuit Judge.

GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.

This habeas corpus appeal from the Northern District of Ohio involves one significant legal question. Appellant Hill was indicted by a Hancock County Grand Jury on one count of aggravated robbery in violation of O.R.C. § 2911.01. The trial jury as allowed by the judge's charge found him not guilty as a principal offender but convicted him of complicity in committing the offense of aggravated robbery. See O.R.C. § 2923.03(A)(2) and (F). Appellant exhausted his remedies in the Ohio Court of Appeals and the Ohio Supreme Court. Before this court, appellant claims that he was deprived of adequate notice of the charge he was convicted on and thus deprived a fair trial.

In addition, appellant claims his conviction is in violation of the double jeopardy clause of the Fifth Amendment—a claim which we reject finding not even arguable merit under the record in this case.

For the reasons which follow, Hill's claim must be dismissed. The indictment in this case charging appellant Hill with aggravated robbery was indeed somewhat laconic:

The jurors of the grand jury of the State of Ohio, within and for the body of the County aforesaid, on their oaths, in the name and by the authority of the State of Ohio, do find and present that on or about the 12th day of March 1982, at Findlay, Hancock County, Ohio, John Boston Hill did in committing a theft offense as defined in Section 2913.01 of the Revised Code, have under his control a deadly weapon as defined in Section 2923.11 of the Revised Code, to wit: a shotgun.

While it is not customary for a person to be charged apparently as a principal of-

fender and subsequently to be found guilty as an accomplice to the alleged crime, we find no federal law or rule which prohibits this practice. In fact, this court has expressly acknowledged that a defendant may be indicted for the commission of a substantive crime as a principal offender and convicted of aiding and abetting its commission although not named in the indictment as an aider and abettor without violating federal due process. *Stone v. Wingo*, 416 F.2d 857 (6th Cir. 1969).

Indeed, the Ohio Revised Code squarely permits this practice. O.R.C. § 2923.03 provides:

§ **2923.03** Complicity.

(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

(1) Solicit or procure another to commit the offense;

(2) *Aid or abet another in committing the offense;*

(3) *Conspire with another to commit the offense in violation of section 2923.01 of the Revised Code;*

(4) Cause an innocent or irresponsible person to commit the offense.

(B) It is no defense to a charge under this section that no person with whom the accused was in complicity has been convicted as a principal offender.

(C) No person shall be convicted of complicity under this section unless an offense is actually committed, but a person may be convicted of complicity in an attempt to commit an offense in violation of section 2923.02 of the Revised Code.

(D) No person shall be convicted of complicity under this section solely upon the testimony of an accomplice, unsupported by other evidence.

(E) It is an affirmative defense to a charge under this section that, prior to the commission of or attempt to commit the offense, the actor terminated his complicity, under circumstances manifesting a complete and voluntary renunciation of his criminal purpose.

(F) *Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender. A charge of complicity may be stated in terms of this section, or in terms of the principal offense.*
(Emphasis added).

This practice has apparently been established in Ohio for over 100 years. *Hanoff v. The State of Ohio*, 37 Ohio St. 178 (1881).

Additionally, we note that the indictment was followed by a much more explicit statement in the Bill of Particulars:

"That on or about the 12th day of March, 1982, between the hours of 2:30 A.M. and 3:00 A.M., this defendant entered the business premises known as 'Yock's' and located at 431 East Main Cross St., Findlay, Hancock County, Ohio, in the presence of Keith Anthony Mira, and did obtain and exert control over a sum of money greater than Three Hundred Fifty Dollars ($350.00), by threat and at gunpoint, said money being the property of the patrons located then within Yock's, those patrons being: Carl J. Peterman, Brad L. Fisher, Dave Woods, Deborah McCormick, William Porter, Gene Schey, Deborah Ernst, Mark Waltermire, Marion Norris, and Jeffrey James Koehler, and that the defendant and Keith Anthony Mira carried a shotgun or sawed-off shotgun and had the same under their control, said weapon being a deadly weapon as defined in O.R.C. § 2923.11, all of the aforesaid being in violation of Ohio Revised Code, § 2911.01, Aggravated Robbery, a felony of the first degree."

The Ohio Supreme Court continues to approve of such a practice and the State Bar of Ohio should be on notice of the validity of the procedure which has been employed in this case. In *State v. Perryman*, 49 Ohio St.2d 14, 358 N.E.2d 1040 (1976), *vacated in part on other grounds sub nom., Perryman v. Ohio*, 438 U.S. 911, 98 S.Ct. 3136, 57 L.Ed.2d 1156 (1978), the Ohio Supreme Court explained:

During final arguments, the prosecutor suggested to the jury that the appellant could be held liable as an aider and abettor to the crime. Over appellant's objection, the court charged on aiding and abetting.

Appellant argues such a charge was prejudicial to his rights. Early in the trial, appellant had filed a motion for a bill of particulars. In response, the state had said that the appellant did shoot and kill one Lawrence J. Busch while attempting to commit aggravated robbery. Appellant argues that once the state particularized that the appellant himself had shot and killed Busch, it could not shift its theory of criminal responsibility. In short, appellant concludes that he had a right to be tried, not as an accomplice to the Busch homicide, but as the principal in the first degree.

This assignment of error is without merit. Upon an examination of the record, it is evident that the state consistently argued that the appellant was the triggerman. It was only on direct examination of defense witnesses that any evidence of aiding and abetting came before the jury. Since appellant presented evidence from which reasonable men could find him guilty as an aider and abettor, the court's instruction was, therefore, proper.

*Perryman,* 49 Ohio St.2d at 27–28, 358 N.E.2d 1040.

It thus appears that under Ohio law, the State may charge and try an aider and abettor as a principal, and if the evidence at trial reasonably indicates that the defendant was an aider and abettor rather than a principal offender, a jury instruction regarding complicity may be given. At the time of appellant Hill's trial, this practice was settled law in Ohio. It thus appears that appellant, through his attorney, did

have legal notice of the possibility that the jury might be given a complicity instruction.

Accordingly, for the above stated reasons, the judgment of conviction is affirmed.