953 F.2d 644
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leslie A. REECE, Petitioner-Appellant,
v.
Anthony BRIGANO, Respondent-Appellee.
 No. 91-3731.
 United States Court of Appeals, Sixth Circuit.
 Jan. 28, 1992.
 
 Before RALPH B. GUY, Jr., ALAN E. NORRIS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from an order denying a petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In January, 1988, Reece was indicted by a Knox County, Ohio, grand jury on two counts of aggravated drug trafficking in violation of Ohio Rev.Code §§ 2925.03(A)(1) and 2925.03(A)(5), and one count of possession of criminal tools in violation of Ohio Rev.Code § 2923.24(A), with a prior violence offense specification. A jury found Reece guilty as charged in the indictment and Reece pleaded guilty to the specification in count three. The court sentenced Reece to five to fifteen (5-15) years imprisonment on count one; seven to twenty-five (7-25) years imprisonment on count two, with a five year term of actual incarceration; and three to five (3-5) years imprisonment on count three. All sentences were to be served consecutively.
 
 
 3
 Reece appealed the Knox County convictions to the Court of Appeals for the Fifth Appellate District of Ohio. On August 14, 1989, the Court of Appeals affirmed the decision of the trial court. On May 16, 1990, the Supreme Court of Ohio sua sponte dismissed Reece's appeal for lack of a substantial constitutional question.
 
 
 4
 On August 3, 1990, Reece filed the instant petition for a writ of federal habeas corpus. In his habeas petition, Reece alleged five grounds for relief: 1) he was denied due process of law when he was tried on charges not brought by the grand jury; 2) his conviction was obtained by use of evidence gained pursuant to an invalid search warrant; 3) his conviction was against the manifest weight of the evidence; 4) his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to Reece; and 5) ineffective assistance of trial and appellate counsel.
 
 
 5
 The district court held that claims two, three, and four were barred from consideration due to differing state court defaults. The district court further held that the remaining claims were meritless. On appeal, Reece raises eight issues. He further argues that the procedural defaults in the state court were the result of attorney error.
 
 
 6
 Initially, we note that Reece did not raise appellate issues two, three, four, and five in the district court, although he exhausted those issues in state court. Unless exceptional circumstances are present, this court normally will not address issues not raised for the first time in the district court. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990). No exceptional circumstances exist in the present case; therefore, those issues will not be addressed.
 
 
 7
 Upon consideration, we find no reversible error in the district court's actions. The court's reliance on the procedural default aspect of Harris v. Reed, 489 U.S. 255, 262-63 (1989), to forestall consideration of appellate issues six, seven, and eight was proper. Reece has not made out a claim of ineffective assistance of counsel sufficient to excuse the differing procedural defaults, see Strickland v. Washington, 466 U.S. 668, 687 (1984), nor has he presented an extraordinary case of factual innocence. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986).
 
 
 8
 Upon further consideration, we conclude that Reece was not denied the rudimentary demands of fair procedure with respect to appellate issue one. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990). Under Ohio Rev.Code § 2923.03(F), "[a] charge of complicity may be stated in terms of this section, or in terms of the principle offense." Thus, it was not necessary to amend the indictment in order to instruct the jury on complicity. See Hill v. Perini, 788 F.2d 406, 407 (6th Cir.), cert. denied, 479 U.S. 934 (1986).
 
 
 9
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.