OPINION
Defendant-Appellant, Daniel Davidson ("Appellant"), brings this appeal from a judgment of the Marion County Court of Common Pleas convicting him of one count of illegal conveyance of a drug of abuse into a detention facility and sentencing him to an eleven-month prison term to be served consecutively with his existing sentence. For the reasons set forth in the following opinion, we affirm the trial court's judgment.
On February 7, 2000, Appellant was visited by his friend, Patricia Amick ("Amick"). At the time, Appellant was incarcerated at the Marion Correctional Institute ("MCI") for a variety of offenses. Amick had visited Appellant at MCI on numerous occasions the previous couple years.
Prior to the February 7, 2000 visit, Amick prepared two small packages of marijuana in balloons and inserted them into her vagina. Upon arriving at MCI, Amick went to the restroom, removed the marijuana-filled balloons from her vagina and placed them in her mouth. She then went to the vending machine and purchased a bag of snack chips. Amick opened the bag, acted like she smelled the bag to examine the chips' freshness, and released the balloons from her mouth into the chip bag. Amick then approached Appellant in order to begin their visit. At that time, Amick placed the bag containing chips and the two balloons in front of Appellant. Appellant noticed the balloons, picked up one balloon and attempted to swallow it. The balloon got stuck in Appellant's throat but was ingested before corrections officers, who noticed Appellant was attempting to swallow a foreign substance, approached him. Appellant did not attempt to swallow the second balloon, which was confiscated by the officers along with the snack chip bag.
Appellant was placed in a segregated cell without running water in order to ensure that the ingested balloon would be retrieved upon expulsion. In order to facilitate recovery, Appellant was required to take laxatives. However, the balloon was never recovered.
On June 8, 2000, the Marion County Grand Jury returned an indictment against Appellant for one count of illegal conveyance of a drug of abuse into a detention facility in violation of R.C. 2921.36(A)(2), a fifth-degree felony. The matter proceeded to trial, where a jury found Appellant guilty of the above count. Appellant then perfected this timely appeal wherein he presents the following as his sole assignment of error on appeal:
 The verdict of guilty was against the manifest weight of the evidence and without sufficiency of evidence beyond a reasonable doubt for a finding of guilty.
 Appellant argues that the verdict was based upon insufficient evidence and was against the manifest weight of the evidence. Since sufficiency and weight are two distinct legal concepts, State v. Thompkins
(1977), 78 Ohio St.3d 380, paragraph two of the syllabus, we must address each argument separately.
We will first discuss Appellant's assertion that the evidence was insufficient to find him guilty beyond a reasonable doubt. When reviewing a claim of insufficient evidence:
 An appellate court * * * [must] examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, reversed on other grounds.
R.C. 2921.36 provides, in relevant part:
 (A) No person shall knowingly convey, or attempt to convey, onto the grounds of a detention facility * * * any of the following items:
* * *
 (2) Any drug of abuse, as defined in section 3719.011
[3719.01.1] of the Revised Code.
 Appellant contends that the evidence was insufficient to prove that Appellant had knowingly conveyed or attempted to convey marijuana onto the grounds of MCI. Specifically, Appellant argues that he was improperly charged with conveying an illegal drug onto the grounds of a detention facility. We disagree.
Participation in a crime "may be inferred from presence, companionship and conduct before and after the offense is committed." State v. Pruett
(1971), 28 Ohio App.2d 29, 34. It is well-settled that the prosecution may charge and try an aider and abettor as a principal to the offense, and a jury instruction regarding complicity may be given if the evidence at trial reasonably indicates that the defendant was an aider and abettor rather than a principal offender. R.C. 2923.03(F); State v. Tumbleson
(1995), 105 Ohio App.3d 693, 697; Hill v. Perini (C.A.6, 1986),788 F.2d 406, 408, certiorari denied, 479 U.S. 934, 107 S.Ct. 409,93 L.Ed.2d 361.
It has been held that aiding and abetting contains two basic elements: (1) an act on the part of a defendant contributing to the execution of a crime and (2) the intent to aid in its commission. United States v.Smith (C.A.5, 1977), 546 F.2d 1275, 1284.
In the present case, the evidence, if believed, would convince the average person of Appellant's guilt as an aider and abettor to the conveyance of marijuana onto the grounds of MCI beyond a reasonable doubt. The record demonstrates that Appellant and Amick were friends and Amick had previously visited Appellant in prison on numerous occasions. Further Amick had previously discussed bringing marijuana onto prison grounds with Appellant in order to make extra money, although it was up to Amick whether she wanted to do it.
While Amick testified that Appellant did not know that she would be bringing marijuana onto prison grounds on that particular day, the evidence did demonstrate that Appellant was sufficiently aware of the plan and that once he observed the balloons in the snack chip bag, he knew they were filled with marijuana. Furthermore, the evidence is clear that upon observation of the balloons, Appellant commented on them to Amick, and he then proceeded to attempt to swallow the first balloon. It was at this point that Appellant was apprehended by the observing officers.
Appellant's presence, companionship with Amick, and actions in planning the offense before it occurred, and his actions of taking delivery of the substance after she presented him with the marijuana filled balloons in the visiting room clearly establish that Appellant participated in the offense. The evidence presented was such that a rational trier of fact could have concluded that Appellant had taken actions contributing to the execution of the conveyance of marijuana onto MCI grounds, and that Appellant had formed the necessary intent to aid in the commission of this offense, beyond a reasonable doubt. As such, Appellant was properly tried as a principal to the offense, and the trial court properly instructed the jury on complicity. It is immaterial that Appellant was prosecuted on the principal charge rather than on a complicity charge.
As Appellant aided and abetted Amick in the commission of the offense, he was properly prosecuted as a principal to the offense, and the jury was properly instructed, on the charge of conveyance of an illegal drug onto the grounds of a detention facility.
We now turn to discuss Appellant's contention that the jury verdict was against the manifest weight of the evidence. The standard to apply when reviewing such a claim has been set forth as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Martin (1983), 20 Ohio App.3d 172, 175, State v. Thompkins (1997), 78 Ohio St.3d 380, 387. Furthermore, an appellate court should grant a new trial only in an exceptional case "where the evidence weighs heavily against the conviction." Id. This is not such a case. As discussed above, a complete review of the record here does not lead this court to conclude that the jury clearly lost its way in rendering a guilty verdict.
Accordingly, Appellant's assignment of error is not well taken and is therefore overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
 ______________________ WALTERS, P.J.
 SHAW and HADLEY, J.J., concur.