[Cite as *State v. Gorayeb*, 2010-Ohio-2535.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 09-BE-15 |
| | ) | |
| CLAUDIA S. GORAYEB, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Belmont County
                              Northern Division Court of Belmont
                              County, Ohio
                              Case No. 09CRB0212

JUDGMENT:                     Affirmed

APPEARANCES:
For Plaintiff-Appellee        Attorney Daniel P. Fry
                              Assistant Prosecuting Attorney
                              147-A West Main Street
                              St. Clairsville, Ohio 43950

For Defendant-Appellant       Attorney Brett E. Fullem
                              P.O. Box 14803
                              Pittsburgh, PA 15234

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

                              Dated: June 4, 2010

DONOFRIO, J.

{¶1} Defendant-appellant, Claudia Gorayeb, appeals from a Belmont County Northern Division Court judgment convicting her of theft, after a bench trial.

{¶2} On March 19, 2009, appellant was shopping at Wal-Mart in St. Clairsville with her teenage daughter. According to Wal-Mart undercover security officer Rick Burghy, appellant and her daughter were pushing a shopping cart in the cosmetics section. He observed that they had "high theft" cosmetics items in their cart along with a large purse. He watched the two proceed into the grocery section. Burghy then saw the daughter cut open a package of cologne with a razor, take the cologne out of the package, and put it into her purse. Burghy stated that appellant watched her daughter the entire time. He then saw appellant hide the empty package behind some other merchandise. Burghy next saw the pair go back to the cosmetics section where they both placed various other cosmetics items into their cart. He continued to watch them as they walked around the store. Burghy saw the daughter place all of the items from their cart into her purse. He stated that appellant was by her daughter's side the whole time watching her and also looking around suspiciously.

{¶3} Appellant and her daughter exited the store. Burghy approached them and escorted them to the loss prevention office where he recovered the merchandise from the daughter's purse and called the police. The total value of the merchandise taken was $95.52.

{¶4} A complaint was filed charging appellant with theft in an amount less than $500, a first-degree misdemeanor in violation of R.C. 2913.02(A)(1). Appellant entered a not guilty plea.

{¶5} The case proceeded to a bench trial. The court heard testimony from Burghy and appellant and viewed both still photographs and a DVD recording from Wal-Mart's video surveillance of appellant and her daughter selecting merchandise together and attempting to exit the store.

{¶6} The court found appellant guilty. It sentenced her to ten days in jail, all suspended except for three days to be served as community service. It also fined

her $100, plus costs, and placed her on two years probation.

**{¶7}** Appellant filed a timely notice of appeal on May 28, 2009. The trial court stayed her sentence pending this appeal.

**{¶8}** Appellant raises two assignments of error that are factually related. Therefore, we will address them together. They state, respectively:

**{¶9}** "THE EVIDENCE PRESENTED BY THE STATE OF OHIO IN ITS CASE IN CHIEF WAS INSUFFICIENT AS A MATTER OF LAW."

**{¶10}** "THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**{¶11}** Appellant argues that her conviction was both unsupported by sufficient evidence and against the manifest weight of the evidence.

**{¶12}** As to her sufficiency argument, appellant contends that the state failed to prove two essential elements. First, she argues that the state did not prove a criminal "act." She asserts that the evidence demonstrated that she placed some items into her shopping cart, but that her daughter was the only one who removed the items from the cart, placed them into her purse, and attempted to leave the store. Second, appellant argues that the state failed to prove that she exerted control over the items in question so as to permanently deprive Wal-Mart of the merchandise.

**{¶13}** Initially, we should point out that appellant did not move for acquittal pursuant to Crim.R. 29 at trial. Nonetheless, she has not waived review of her sufficiency of the evidence argument on appeal. *State v. Jones* (2001), 91 Ohio St.3d 335; *State v. Carter* (1992), 64 Ohio St.3d 218, 223. Appellant's "not guilty" plea preserved her right to object to insufficient evidence. *Jones,* 91 Ohio St.3d at 346. And even if appellant's plea did not preserve her argument, a conviction based on insufficient evidence typically constitutes plain error. *Perrysburg v. Miller,* 153 Ohio App.3d 665, 2003-Ohio-4221, at ¶57.

**{¶14}** Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the verdict. *State v. Smith* (1997), 80 Ohio St.3d 89, 113. In

essence, sufficiency is a test of adequacy. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386. Whether the evidence is legally sufficient to sustain a verdict is a question of law. Id. In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Smith,* 80 Ohio St.3d at 113.

{¶15} Appellant was convicted of theft in violation of R.C. 2913.02(A)(1), which provides:

{¶16} "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

{¶17} "(1) Without the consent of the owner or person authorized to give consent."

{¶18} We must examine the evidence to determine whether the state presented evidence as to each of these essential elements.

{¶19} Burghy was the state's only witness. He watched appellant and her daughter during their time in Wal-Mart. Burghy testified that what first drew his attention to appellant and her daughter was that the two were pushing a shopping cart with "high theft" items in it and that they were both looking around suspiciously and acting nervous. (Tr. 5). He also noticed a large purse in their cart. (Tr. 5). Burghy stated that appellant and her daughter went over to the grocery department. (Tr. 5). There he saw the daughter cut open a cologne package with a razor, remove the cologne from the package, and conceal it in her purse. (Tr. 6). Burghy stated that appellant watched her daughter do this. (Tr. 6). He later testified that appellant handled the empty package after the incident and hid it behind some other items in the grocery department. (Tr. 12, 19).

{¶20} Burghy further testified that appellant and her daughter went back to the cosmetics section where they both selected items from the sales counter and placed them into their cart. (Tr. 6-7). He stated that the two then walked around the store to

different departments while the daughter concealed the items in her purse. (Tr. 7). Burghy stated that appellant was by her daughter's side the entire time. (Tr. 7). He testified that appellant was looking around suspiciously while her daughter concealed the items. (Tr. 7). And he stated that appellant watched her daughter take the items from their cart and place them into her purse. (Tr. 8).

{¶21} Burghy admitted on cross-examination that appellant's daughter was the only one who tried to leave the store with the merchandise. (Tr. 20). But he also stated that appellant was with her. (Tr. 20).

{¶22} There is no evidence that appellant actually placed any merchandise into her daughter's purse or that she attempted to leave the store with her daughter's purse in her possession. In other words, there is no evidence that appellant was the principal offender. Thus, in order for the trial court to have found appellant guilty here, it must have found that she aided and abetted her daughter.

{¶23} A charge of complicity may be stated in terms of the complicity statute or in terms of the principal offense. R.C. 2923.03(F). Although a defendant may be charged in an indictment as a principal, the court may instruct the jury on complicity where the evidence at trial reasonably supports a finding that the defendant was an aider or abettor. *State v. Gonzales,* 151 Ohio App.3d 160, 2002-Ohio-4937, at ¶51.

{¶24} Thus, even though the complaint charged appellant with theft and not complicity to commit theft, the court was nonetheless free to consider whether appellant was an aider and abettor. This is because, as discussed next, the evidence reasonably supported a finding of aiding and abetting.

{¶25} In order to support a conviction for complicity by aiding and abetting, the evidence must show that the defendant "supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal." *State v. Johnson* (2001), 93 Ohio St.3d 240, 245. The defendant's intent may be inferred from the circumstances surrounding the crime. Id. The defendant's "'[p]articipation in criminal intent may be inferred from presence, companionship and conduct before and after

the offense is committed.'" Id., quoting *State v. Pruett* (1971), 28 Ohio App.2d 29, 34.

**{¶26}** Additionally, the defendant's mere association with the principal offender is not enough to prove complicity. *State v. Mootispaw* (1996), 110 Ohio App.3d 566, 570. The defendant must have had some level of active participation by way of providing assistance or encouragement. *State v. Nievas* (1997), 121 Ohio App.3d 451, 456; *State v. Sims* (1983), 10 Ohio App.3d 56, 58.

**{¶27}** Here the complaint simply charged appellant with theft. It did not mention complicity. Additionally, the trial court never specified that it found appellant guilty by way of complicity. However, such a finding was not necessary.

**{¶28}** In a bench trial, the court is presumed to know the law and properly apply it. *State v. Sarver*, 7th Dist. No. 05-CO-53, 2007-Ohio-601, at ¶23. Furthermore, courts have held that because a charge of complicity can be stated in terms of the principal offense, a trial court in a bench trial may make a finding of guilt in terms of either the principal offense or complicity. For instance in *State v. Smith*, 4th Dist. No. 02CA6, 2002-Ohio-4532, at ¶14, fn. 5, the Fourth District noted:

**{¶29}** "We acknowledge that neither the criminal complaint nor the final judgment in this case make any reference to "complicity" under R.C. 2923.03. However, this causes no procedural impediment. R.C. 2923.03(F) provides that a charge of complicity may be stated in terms of that statute or in terms of the principal offense. Thus, a defendant may be convicted of complicity to an offense even though the charging instrument states only the principal offense and does not mention complicity. See *State v. Herring,* 94 Ohio St.3d 246, 251, 2002-Ohio-796, 762 N.E.2d 940. The same is true with judgment entries which can also be phrased in terms of the principal offense rather than complicity thereto. See *State v. Lang* (Apr. 11, 1988), Clermont App. Nos. CA87-10-080 & CA87-10-087."

**{¶30}** And in *In re Bickley* (June 23, 1993), 9th Dist. No. 15974, the Ninth District pointed out:

**{¶31}** "It was not necessary that the court mention aiding and abetting in its entry. One who is guilty of complicity shall be prosecuted and punished as a principal

offender. R.C. 2923.03(F). The state may charge and try an aider and abetter as a principal and if the evidence at trial indicates aiding and abetting rather than the principal offense, a jury instruction regarding complicity may be given. *Hill v. Perini* (C.A. 6, 1986) 788 F.2d 406, 408, certiorari denied (1986), 479 U.S. 934, 93 L.Ed.2d 361. Since this was a bench trial, no such instruction was necessary."

**{¶32}** In this case, while there is no evidence that appellant herself actually concealed items in the purse or took them out of the store, there is ample evidence that she aided and abetted her daughter in so doing.

**{¶33}** First, Burghy testified that appellant and her daughter went to the grocery department together where the daughter cut open a cologne package, removed the cologne from the package, and concealed it in her purse. He stated that appellant watched her daughter do this. Then he testified that appellant took the empty package and hid it behind some other items in the grocery department.

**{¶34}** Second, Burghy testified that appellant and her daughter went to the cosmetics section together where they both selected items and placed them into their shared cart. He stated that appellant then walked around the store with her daughter while the daughter concealed the items in her purse. Burghy testified that appellant was by her daughter's side the entire time and that she looked around suspiciously while her daughter concealed the items. Most significantly, Burghy testified that appellant watched her daughter take the items from their cart and place them into the purse.

**{¶35}** These actions were sufficient evidence on which to establish that appellant was a complicitor to theft. Appellant helped to select the stolen items. She concealed evidence of the theft. She acted as a lookout while her daughter stashed the stolen items in her purse. And, in general, she provided companionship during the commission of the crime. Burghy's testimony demonstrates that appellant was not "merely present" with her daughter during the shoplifting. Thus, appellant's conviction is supported by sufficient evidence.

**{¶36}** As to her manifest weight argument, appellant contends the evidence

demonstrated that her daughter was the only one who placed items into her purse and attempted to exit the store. She further contends that there was no evidence that she actually saw her daughter place the merchandise into her purse. And she argues that because she was convicted of theft, as opposed to complicity to commit theft, what she may have seen her daughter do was irrelevant.

**{¶37}** In determining whether a verdict is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Thompkins,* 78 Ohio St.3d at 387. "Weight of the evidence concerns 'the inclination of the *greater amount of credible evidence,* offered in a trial, to support one side of the issue rather than the other.'" Id. (Emphasis sic.) In making its determination, a reviewing court is not required to view the evidence in a light most favorable to the prosecution but may consider and weigh all of the evidence produced at trial. Id. at 390.

**{¶38}** Still, determinations of witness credibility, conflicting testimony, and evidence weight are primarily for the trier of the facts. *State v. DeHass* (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.

**{¶39}** A reviewing court will not reverse a judgment as being against the manifest weight of the evidence in a bench trial where the trial court could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt. *State v. Eskridge* (1988), 38 Ohio St.3d 56, 59.

**{¶40}** In considering whether the court's judgment was against the manifest weight of the evidence, we must also consider appellant's testimony. Appellant testified that she did not assist her daughter in taking any items from Wal-Mart nor did she hide a box. (Tr. 28-29). Appellant admitted on cross-examination that she had a prior conviction for shoplifting. (Tr. 30).

**{¶41}** At appellant's request, the court also viewed a DVD recording from the Wal-Mart security cameras. (Tr. 35). The recording contains three separate video

clips. (State Ex. 6). The first clip shows appellant and her daughter entering Wal-Mart together. The second clip shows appellant and her daughter spending a considerable amount of time together selecting items from one aisle and placing them into their cart. And the third clip shows the two exiting the store together. During the second clip, appellant and her daughter seem to be working together selecting items and putting them into their cart.

**{¶42}** As previously discussed, the trial court did not specifically find appellant guilty of complicity to commit theft. But given that this was a bench trial, the court was permitted to find appellant guilty of complicity yet state its finding in terms of the principal offense of theft.

**{¶43}** Additionally, whether to believe appellant's testimony that she did not assist her daughter in concealing or stealing any items from Wal-Mart was a credibility determination for the court, as trier of fact, to make. Although an appellate court is permitted to independently weigh the credibility of the witnesses when determining whether a conviction is against the manifest weight of the evidence, we must give great deference to the fact finder's determination of witnesses' credibility. *State v. Wright,* 10th Dist. No. 03AP-470, 2004-Ohio-677, at ¶11. The policy underlying this presumption is that the trier of fact is in the best position to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony. Id.

**{¶44}** Here the trial court must have determined that appellant's testimony was not believable. In part, the court could have found that appellant's prior shoplifting conviction hurt her credibility. Or it may have simply found Burghy's testimony to be more convincing. Either way, we will not second-guess the trial court's credibility determination.

**{¶45}** These considerations, in addition to the evidence discussed above demonstrate that appellant's conviction was not against the manifest weight of the evidence.

**{¶46}** In sum, because appellant's conviction was supported by both sufficient

evidence and the manifest weight of the evidence, her two assignments of error are without merit.

{¶47} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

DeGenaro, J., concurs.