**[Cite as *State v. Young*, 2020-Ohio-1044.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-18 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-1029 |
| | : | |
| JORDAN R. YOUNG | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of March, 2020.

. . . . . . . . . .

MARCY A. VONDERWELL, Atty. Reg. No. 0078311, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Suite 200, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

KAREN S. MILLER, Atty. Reg. No. 0071853, P.O. Box 341274, Beavercreek, Ohio 45434
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant Jordan Young appeals from his conviction for complicity to commit aggravated robbery, a first degree felony. He asserts he was denied a fair trial because the indictment did not explicitly charge him with complicity. He also asserts his conviction was unsupported by the weight of the evidence. Finally, he asserts the sentence imposed was excessive and that the indictment failed to apprise him that a sentence was mandatory.

{¶ 2} This court has reviewed the record and concludes that Young's assertions lack merit. Consequently, the trial court's judgment is affirmed.

## I.      Facts and Procedural Background

{¶ 3} On October 9, 2018, Nick Price drove from Marysville to Fairborn in order to meet Young and purchase marijuana from him. Price, who was with two friends, met Young outside of an apartment in Fairborn. Young told Price his friends could not enter the apartment and would have to wait outside. Price followed Young into an apartment, where they both took seats. Another man, later identified as DeAndre DaCosta, came out of the kitchen armed with a gun. DaCosta ordered Price to empty his pockets. When Price did not comply, DaCosta hit him in the head with the butt of the gun, and DaCosta hit Price in the head with the gun several more times. He also placed Price in a chokehold. A woman, subsequently identified as Courtney Bell, entered the room and attempted to reach into Price's pockets. Price kicked her away, at which point DaCosta dropped the gun. As Price and DaCosta began to wrestle with each other, Young left the apartment through the backdoor. Another man, identified as Christopher Lyons, entered through the back door. Lyons entered the fray and attempted to choke Price.

While Price was in Lyons's chokehold, DaCosta grabbed money from Price's pocket.[1] Price was then able to escape the apartment. Price sustained a concussion, a cut on his head, and acute kidney damage as a result of the attack. He was hospitalized for seven days.

{¶ 4} Following an investigation, Young was indicted on one count of aggravated robbery in violation of R.C. 2911.01(A)(1) and one count of conspiracy to commit aggravated robbery in violation of R.C. 2923.01(A)(2) and R.C. 2911.01(A)(1). A jury trial was conducted in April 2019. Following the close of the State's case, defense counsel made a motion for acquittal under Crim.R. 29; the trial court dismissed the second count of the indictment charging conspiracy to commit aggravated robbery but denied the motion as to the first count. The jury convicted Young of complicity to commit aggravated robbery. The trial court sentenced Young to a prison term for a definite period of ten years.

{¶ 5} Young appeals.

## II.    Indictment

{¶ 6} The first assignment of error states as follows:

MR. YOUNG'S RIGHT TO * * * DUE PROCESS AND A FAIR TRIAL WERE

VIOLATED WHEN HE WAS CONVICTED OF COMPLICITY FOR WHICH

HE WAS NOT INDICTED AND HAD NO NOTICE THAT THE CHARGE

COULD BE SUBMITTED TO THE JURY AFTER THE [COURT]

DISMISSED COUNT 2 (CONSPIRACY) OF THE INDICTMENT UPON A

---

[1] Price had $1,650 in cash in his pocket.

RULE 29 MOTION BY DEFENSE COUNSEL.

{¶ 7} Young argues that, because the indictment failed to explicitly indict on complicity, he lacked notice that the trial court could instruct the jury on complicity to commit aggravated robbery.

{¶ 8} The complicity statute, codified at R.C. 2923.03(F), provides: "[w]hoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender." In *State v. Hand*, 107 Ohio St.3d 378, 2006-Ohio-18, 840 N.E.2d 151, the Ohio Supreme Court held that R.C. 2923.03(F) allows the State to charge complicity in terms of the complicity statute or in terms of the principal offense. *Id.* at ¶ 181. The court further held that R.C. 2923.03(F) "adequately notifies defendants that the jury may be instructed on complicity, even when the charge is drawn in terms of the principal offense." *Id.* at ¶ 178-184, citing *State v. Keenan*, 81 Ohio St.3d 133, 151, 689 N.E.2d 929 (1998), citing *Hill v. Perini*, 788 F.2d 406, 407-408 (6th Cir.1986). "Thus, a defendant charged with an offense may be convicted of that offense upon proof that he was complicit in its commission, even though the indictment is 'stated * * * in terms of the principal offense' and does not mention complicity." *State v. Herring*, 94 Ohio St.3d 246, 251, 752 N.E.2d 940 (2002).

{¶ 9} Based upon the foregoing, we find Young's argument without merit. Accordingly, the first assignment of error is overruled.

### III. Sufficiency of the Evidence

{¶ 10} The second assignment of error asserted by Young states:

ASSUMING THE CHARGE OF COMPLICITY WAS PROPERLY BEFORE

THE JURY, THERE WAS INSUFFICIENT EVIDENCE TO CONVICT MR. YOUNG OF COMPLICITY TO AGGRAVATED ROBBERY BEYOND A REASONABLE DOUBT.

{¶ 11} Young argues the State failed to present evidence sufficient to prove he aided and abetted in the offense of aggravated robbery. The essence of his argument centers on the claim that he was merely present during, but not involved with, the offense.

{¶ 12} "A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law." *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 10, citing *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). In such situations, we apply the test from *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), which states:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

(Citation omitted). *Id.* at paragraph two of the syllabus.

{¶ 13} Aggravated robbery is proscribed by R.C. 2911.01. The statute states in pertinent part, "[n]o person, in attempting or committing a theft offense * * * shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's control

and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]"   R.C. 2911.01(A)(1).   Ohio's complicity statute reads in pertinent part, "[n]o person, acting with the kind of culpability required for the commission of an offense, shall * * * [a]id or abet another in committing the offense."   R.C. 2923.03(A)(2).

{¶ 14} Young is correct that his mere presence at the scene of the crime was insufficient to establish complicit conduct.   *State v. Arrington*, 64 Ohio App.3d 654, 582 N.E.2d 649 (1990).   Instead, the accused must have taken "a role in causing the commission of the offense."   *State v. Sims*, 10 Ohio App.3d 56, 59, 460 N.E.2d 672 (8th Dist.1983).   "To support a conviction for complicity by aiding and abetting pursuant to R.C. 2923.03(A)(2), the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal.   Such intent may be inferred from the circumstances surrounding the crime."   *State v. Johnson*, 93 Ohio St.3d 240, 754 N.E.2d 796 (2001), syllabus.

{¶ 15} There is evidence in this record that Price observed Young's Snapchat account, which contained a video indicating Young had marijuana to sell.[2]   Price contacted Young on the Snapchat account to inquire about the price for the marijuana and to arrange a time to meet for the purchase thereof.   Initially, the two decided Young would travel to Marysville to meet Price.   However, Young later indicated he did not have a way to travel to Marysville, so it was decided that Price would travel to Fairborn.

---

[2] Snapchat is a social media platform that allows participants to send pictures and text messages to each other. *See State v. Hunter*, 11th Dist. Lake No. 2017-L-081, 2018-Ohio-5325, ¶ 2.

{¶ 16} At some point, Young sent a message on his Snapchat account providing a cellular telephone number and indicating that Price should text Young when Price was on the way to Fairborn.[3]   On October 9, Price called the cell phone number and spoke to Young, who confirmed that the meeting was still set to occur.   As Price was leaving Marysville, he texted the same number and asked for the address of the meeting place. Price received a response with the address of Bell's apartment.   When he was about two minutes away, Price called Young to let him know that he was nearby.   Young answered and indicated that he was standing outside waiting for Price.   As Price pulled up to the apartment, he observed Young on the phone as they were talking.   Young informed Price his two friends would have to wait outside while the sale was made in the apartment. Young escorted Price through a community door, up a set of stairs and into an apartment on the second floor.   When they entered, Young sat on a couch and Price sat in a chair. Almost immediately, DaCosta entered with a gun.   Young sat on the couch and observed while DaCosta initially attacked Price.   He did not attempt to intervene. Young left the apartment after DaCosta dropped the gun and started wrestling with Price.

{¶ 17} Another co-defendant, Autumn Reynolds, testified at trial.   According to Reynolds, she went to Bell's apartment in order to get a cigarette.   Upon entering the apartment, she found Bell in the bedroom with DaCosta, Young and a third man she did not recognize.   Reynolds had a pistol hidden in her clothes and she claimed it "slipped out."   Reynolds testified Young asked if the pistol was hers and stated that it "would be good to use."   Tr. p. 246.   Reynolds testified DaCosta and Young discussed taking the gun from her.   She testified that she gave the gun to DaCosta because she felt

---

[3] It was later determined the cell phone number was the number for DaCosta's phone.

threatened. Reynolds testified she observed marijuana in Young's backpack and stated Young attempted to arrange it so that it appeared there was more marijuana in the bag than it actually contained. Reynolds testified DaCosta stated that they "were going to hit a lick, which means that basically they were going to rob somebody; but [she] didn't know exactly what the details was [sic] to what they were going to do." Tr. p. 262. Reynolds testified that she was on the back porch of the apartment when she heard noise inside. She testified Young ran out of the back door past her while the noise in the apartment continued. Reynolds testified Bell then opened the back door and handed her the pistol which she then took home to her apartment.[4]

{¶ 18} This evidence demonstrated that Young set up a buy for $1,650 even though he possibly did not have as much marijuana as he claimed. He also secured Price's presence at Bell's apartment and personally ensured that Price was not accompanied by his friends into the apartment. Just prior to the offense, Young stated that Reynold's gun would be useful in the commission of the aggravated robbery.

{¶ 19} Upon consideration of the entire record of the proceedings in the trial court and the evidence as summarized above, we conclude there was sufficient evidence presented from which a rational trier of fact could find beyond a reasonable doubt that Young aided and abetted DaCosta, and the other co-defendants, in the commission of the aggravated robbery.

{¶ 20} The second assignment of error is overruled.

---

[4] Reynolds was also charged in connection with this crime. The jury was made aware that in exchange for her plea of guilty, she had agreed to testify in this case.

## IV.    Sentence

{¶ 21} Young's third assignment of error is as follows:

ASSUMING MR. YOUNG WAS PROPERLY CONVICTED OF COMPLICITY, HIS TEN YEAR MANDATORY SENTENCE WAS EXCESSIVE AND DID NOT COMPLY WITH O.R.C. SECTION 2929.12 AND 2929.13.   FURTHERMORE, MR. YOUNG CONTENDS THAT THE MANDATORY REQUIREMENT OF O.R.C. 2929.13 SHOULD HAVE BEEN SPECIFIED IN THE INDICTMENT SO AS TO PUT HIM ON NOTICE THAT IF CONVICTED, HIS PRISON SENTENCE WOULD BE MANDATORY.

{¶ 22} Young argues his sentence is contrary to law.   He also argues the sentence was excessive in light of the sentences imposed upon the co-defendants.   He further argues the sentence was illegal because the indictment did not notify him that a prison sentence would be mandatory.

{¶ 23} R.C. 2953.08(G)(2) provides that a reviewing court may increase, reduce, or otherwise modify a felony sentence if it clearly and convincingly finds that either the record does not support certain required statutory findings or the sentence is otherwise contrary to law.   *State v. Johnson*, 8th Dist. Cuyahoga No. 102449, 2016-Ohio-1536, ¶ 9. A sentence is contrary to law if the court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.   *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58.

{¶ 24} R.C. 2929.11(A) establishes that the overriding purposes of felony sentencing are to protect the public from future crime by the offender, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum

sanctions that the court determines will accomplish those purposes. While sentencing courts have discretion to determine how best to comply with these purposes, R.C. 2929.12 provides a list of factors that courts must consider in felony sentencing. Courts must carefully consider these purposes and factors, but "it is not necessary for the trial court to articulate its consideration of each individual factor as long as it is evident from the record that the principles of sentencing were considered." *State v. Gonzalez*, 8th Dist. Cuyahoga No. 102579, 2015-Ohio-4765, ¶ 6, citing *State v. Roberts*, 8th Dist. Cuyahoga No. 89236, 2008-Ohio-1942, ¶ 10. Further, sentencing courts may impose any prison sentence within the statutory range and are not required to make any findings before imposing more than the minimum sentence. *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 34.

{¶ 25} Young's ten-year sentence is within the statutory range of three to eleven years as provided by R.C. 2929.14(A)(1). Therefore, his sentence can only be contrary to law if the trial court imposed the sentence without considering the principles and purposes of felony sentencing in R.C. 2929.11 and the R.C. 2929.12 factors discussed above. However, the trial court, both at the sentencing hearing and in its judgment entry, expressly stated that it had considered both R.C. 2929.11 and 2929.12 in determining the sentence to be imposed. We find nothing in the record to contradict the trial court's assertions that it complied with the applicable sentencing laws.

{¶ 26} Turning to the claim the sentence is excessive when compared to that of his co-defendants, we note the record before us is silent as to the circumstances regarding those sentences. Here the trial court specifically noted Young had been convicted of aggravated robbery in 2017 for conduct that was almost identical to the facts

of this case. He was sentenced to a term of community control sanctions (CCS) and remained under this sentence at the time he committed the instant offense. There is nothing in the record to indicate that any of the co-defendants had prior criminal records or were serving a CCS term when this offense occurred. Thus, we cannot conclude that Young's sentence was either excessive or disproportionate to the sentences the co-defendants received.

{¶ 27} Finally, Young contends the sentence is contrary to law because the indictment did not notify him that he would be subjected to a mandatory prison sentence if convicted.[5] Young has not cited, and we have not found, any authority to support this argument.

{¶ 28} "The purposes of an indictment are to give an accused adequate notice of the charge, and enable an accused to protect himself or herself from any future prosecutions for the same incident." (Citations omitted.) *State v. Buehner*, 110 Ohio St.3d 403, 2006-Ohio-4707, 853 N.E.2d 1162, ¶ 7. Crim.R. 7(B), which effectuates this purpose and sets forth the sufficiency requirements of an indictment, states, "[t]he statement may be made in ordinary and concise language without technical averments or allegations not essential to be proved. The statement may be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged." Further, neither R.C. 2941.03, which addresses the sufficiency of the indictment, nor R.C. 2941.05, which addresses the requirements for the

---

[5] The record reflects that Young was previously convicted of a first degree felony. Thus, his conviction in this case triggered a mandatory prison term. *See* R.C. 2929.13(F)(6).

statement charging the offense, requires the indictment to set forth the sentencing possibilities.

**{¶ 29}** Based upon the foregoing, we conclude this argument lacks merit and overrule the third assignment of error.

## V.      Conclusion

**{¶ 30}** All of Young's assignments of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Marcy A. Vonderwell
Karen S. Miller
Hon. Stephen Wolaver